UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

JAMES EDWARD KITCHEN,

        Petitioner,                 Case No. 2:14-cv-76

v.                                         Honorable R. Allan Edgar

CATHERINE S. BAUMAN,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This is a habeas corpus action brought by a state prisoner, who is represented by an attorney, pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

Petitioner presently is incarcerated at the Alger Correctional Facility. Following a jury trial in the Cheboygan County Circuit Court, Petitioner was convicted of four counts of first-degree criminal sexual conduct involving a person under 13 years of age, MICH. COMP. LAWS § 750.520b(1)(a). On November 17, 2003, he was sentenced as a habitual offender, MICH. COMP. LAWS § 769.12, to a prison term of 27 to 50 years for each count.

Petitioner appealed his convictions to the Michigan Court of Appeals, raising the following issue: Petitioner's convictions should be reversed because the prosecutor's closing arguments were improper. (Pet., docket #1, Page ID#6.) In an unpublished opinion dated March 13, 2007, the Michigan Court of Appeals affirmed the convictions. Petitioner did not seek leave to appeal in the Michigan Supreme Court.

On June 13, 2011, Petitioner filed a motion for relief from judgment in the Cheboygan County Circuit Court, raising ten grounds: (1) the prosecution introduced other acts evidence without proper notice; (2) the prosecution elicited improper expert testimony vouching for the victim; (3) the trial court should have granted defense counsel's motion to withdraw; (4) the trial court should have allowed the cross-examination of the victim regarding the source of her sexual knowledge; (5) the trial court should have ordered a forensic evaluation of Petitioner's competency; (6) trial counsel was ineffective; (7) the judgment is void because the trial court did not have jurisdiction; (8) the trial court lacked jurisdiction because a plea was not entered at the arraignment on the warrant; (9) the complaining witness' signature on the complaint was not valid; and (10) Petitioner was denied his right to be present at the incompetency hearing. In an opinion and order issued on February 15, 2012, the circuit court denied the motion. Petitioner then sought leave to appeal in the Michigan Court of Appeals and the Michigan Supreme Court, both of which denied leave to appeal on November 8, 2012 and June 25, 2013, respectively.

Petitioner filed the instant habeas application on April 7, 2014. He raises the following grounds for habeas corpus relief:

I. DID THE PROSECUTOR COMMIT MISCONDUCT AND VIOLATE THE PETITIONER'S DUE PROCESS RIGHT TO A FAIR TRIAL UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE [U.S.] CONSTITUTION BY INTRODUCING PREJUDICIAL OTHER ACTS EVIDENCE WITHOUT NOTICE IN VIOLATION OF MRE 404(B)?

II. DID THE PROSECUTOR COMMIT MISCONDUCT AND VIOLATE PETITIONER'S DUE PROCESS RIGHT TO A FAIR TRIAL UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE [U.S.] CONSTITUTION BY ELICITING EXPERT TESTIMONY FROM DR. LORETTA LEJA IN ORDER TO VOUCH FOR THE COMPLAINANT?

III. DID THE TRIAL COURT DENY PETITIONER['S] RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AMENDMENT OF THE [U.S.] CONSTITUTION BY DENYING [PETITIONER'S] MOTION TO APPOINT EFFECTIVE COUNSEL AND DEFENSE COUNSEL'S MOTION TO WITHDRAW?

IV. DID THE TRIAL COURT DENY PETITIONER['S] RIGHT TO CONFRONTATION UNDER THE SIXTH AMENDMENT TO THE [U.S.] CONSTITUTION BY DENYING DEFENSE COUNSEL'S ATTEMPT TO CROSS-EXAMINE COMPLAINANT RE SEXUAL KNOWLEDGE?

V. DID THE TRIAL COURT DENY PETITIONER HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE [U.S.] CONSTITUTION BY FAILING TO ORDER A FORENSIC EXAM REGARDING [PETITIONER'S] COMPETENCY TO STAND TRIAL?

VI. WAS PETITIONER DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AMENDMENT TO THE [U.S.] CONSTITUTION BY THE INEFFECTIVE PERFORMANCE OF TRIAL COUNSEL?

VII. DID THE TRIAL COURT VIOLATE THE PETITIONER'S DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE [U.S.] CONSTITUTION BY COMMITTING JURISDICTIONAL AND PROCEDURAL ERRORS?

(Mem. of Law in Supp. of Pet., docket #1, Page ID##10-11.)

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to Petitioner's habeas application, Petitioner appealed his convictions to the Michigan Court of Appeals, which was denied

- 4 -

on March 13, 2007. Petitioner did not seek leave to appeal in the Michigan Supreme Court. Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*") (emphasis added). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires). Under Michigan law, a party has 56 days in which to apply for leave to appeal to the Michigan Supreme Court. *See* MICH. CT. R. 7.302(C)(2). Accordingly, Petitioner's conviction became final on Tuesday, May 8, 2007. Petitioner had one year from May 8, 2007, or until May 8, 2008, in which to file his habeas application. Petitioner filed his application on April 7, 2014. Absent tolling, Petitioner filed more than one year after the time for direct review expired.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing

*McClendon*, 329 F.3d at 490).  Because Petitioner's one-year period expired in 2008, his collateral motion filed in 2011 did not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling.  *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court.  *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009).  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case.  The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").  Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

  /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   May 6, 2014

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).