UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES EDWARD KITCHEN,

                Petitioner,                Case No. 2:14-cv-76
                                                HON. R. ALLAN EDGAR

v.

CATHERINE S. BAUMAN,

                Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

      The Court has before it Petitioner's Objection to the Report and Recommendation dated May 6, 2014, in which Magistrate Judge Timothy P. Greeley recommended that Petitioner's petition for writ of habeas corpus be denied because it is barred by the one-year statute of limitations. (Docket #3.)  Petitioner now contends that he is entitled to equitable tolling of the one-year statute of limitations because his mental illness prevented him from filing the habeas petition in a timely manner.  The Petitioner agrees that the petition was filed past the one-year statute of limitations, so the Court will adopt that portion of the Report and Recommendation that addresses the Petitioner's failure to meet the one-year deadline.  Because the Petitioner argues equitable tolling for the first time in his Objection, this Court will address the equitable tolling issue.  The Court concludes that Petitioner has failed to show that Petitioner was incompetent during the time-period at issue.

      Petitioner agrees that his petition is time barred by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), but argues that the extraordinary circumstance of being mentally incompetent equitably tolls AEDPA's one-year statute of limitations. *See Ata v. Scott*, 662 F.3d 736, 741–42 (6th Cir. 2011) (adopting the reasoning and standard in *McSwain v. Davis*, 287 Fed. App'x 450, 456 (6th Cir. 2008)).  Courts must decide equitable tolling on a "case-by-case basis" and apply it "sparingly." *Ata*, 662 F.3d at 741.  The petitioner bears the ultimate burden of persuading the Court that he is entitled to equitable tolling based on mental incompetency. *Id.*;

*Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  In order to obtain equitable tolling, a petitioner must demonstrate that he is mentally incompetent and that his mental incompetency actually prevents him from complying with AEDPA's timing requirements. *Ata*, 662 F.3d at 742. To toll ADEPA's statute of limitations, Petitioner must show "a causal link between the mental condition and untimely filling" requirement.  *Id.*

      The sole issue for this Court is whether Petitioner sufficiently alleged he was mentally incompetent and that his incompetence prevented him from timely filing a habeas petition. Petitioner states that he is mentally incompetent because he was declared incompetent to stand trial, sent to a treatment center for fourteen-and-a-half months, diagnosed with Paranoid Delusional Disorder, Anxiety Disorder, and Hyperthyroidism and prescribed multiple medications.  (Docket # 4, at 4; Exh. J, K.)  According to the Psychiatric Discharge Summary, written by Dr. Patricia Campbell, Petitioner was declared competent to stand trial, but "[i]n order to maintain competency, he will need to stay on the Risperdal and Clonopin." (Exh. J.)

      Here, there is no specific allegation or documentation that Petitioner stopped taking these medications.  The closest Petitioner gets to alleging that Petitioner stopped taking his medication occurs in a footnote in Petitioner's brief: "Defense Counsel made a request for the Petitioner's psychological records from the Michigan Department of Corrections and learned that the Petitioner has not received any treatment or psychotropic medication for his condition since 2005."  (Docket #4 at 13, fn. 2.)  However, there are no medical records attached verifying this claim or an affidavit from Petitioner's counsel stating how he learned about petitioner's failure to receive medical treatment.  Making this issue more problematic is that Petitioner's brief also states that "[n]ot only was he held incompetent for fourteen-and-a-half months before his trial, his treatment has continued for his mental illness until now."  (Docket #4 at 15.)

      This Petitioner is unlike the Petitioner in *Ata* who included medical documents reflecting a history of mental illness, numerous hospitalizations prior to arrest, a diagnosis of paranoid schizophrenia, and other documents showing that he was delusional and paranoid at the time relevant to tolling.  662 F.3d at 737–38.  Here, the medical documents show that Petitioner was competent to stand trial as long as he was taking Risperdal and Clonopin.  Petitioner gives the Court mixed messages about Petitioner's treatment, including mixed assertions about his treatment.  In order to overcome the burden and medical evidence, Petitioner needs to allege something more specific.

Although it is unnecessary to address the causal link between mental incompetency and the inability to file the petition, the problems with unspecific allegations in this context illustrate the difficulty presented when attempting to evaluate the causal link.  The court is unable to compare the competency of the Petitioner with the time period tolling could have taken place.  Without a more specific allegations Petitioner is unable to persuade this Court that he has met his burden.

Petitioner requests an evidentiary hearing to determine whether or not Petitioner can toll the statute of limitations.  "Although an evidentiary hearing need not be provided as a matter of right, an evidentiary hearing is required when sufficiently specific allegations would entitle the petitioner to equitable tolling on the basis of mental incompetence which caused the failure to timely file." *Id.* at 742.  Because this Court has determined that Petitioner has failed to allege mental competency with specificity and provides contradictory statements about Petitioner's medical treatment an evidentiary hearing is unnecessary.

Finally, Petitioner requests that this Court issue a certificate of appealability (COA) if it enters a final order adverse to the Petitioner.  Under AEDPA petitioner must make a substantial showing of the denial of a constitutional right in order for the Court to issue a COA.  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  However, *Slack's* standard for issuing a COA dealt with denials on the merits of the constitutional claims, not tolling based on mental incompetence.  Nonetheless, this Court will issue a COA on the issue of tolling based on mental incompetence.

For the above stated reasons, **IT IS ORDERED** that the portion of the Magistrate Judge's Report and Recommendation dated May 6, 2014 (Docket #3) that the petitioner failed to meet the one-year deadline is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS ORDERED** that the habeas corpus petition be **DENIED** because it is barred by the one-year statute of limitations and does not toll the one-year time limit. (Docket #1.)

**IT IS FURTHER ORDERED** that a certificate of appealability is **GRANTED**.

A judgment consistent with this Order will be entered.

 SO ORDERED.


Dated:      8/1/2014                      /s/ R. Allan Edgar
                                          R. Allan Edgar
                                          United States District Court Judge